UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:____11/22/19

——————————————————————————x

STEPHEN YANG,

        Plaintiff,

    - against –                         19-cv-03315 (CM)

PSFK LLC,

        Defendant.

————————————————————————x

## DEFAULT JUDGMENT

**McMahon, C.J.:**

    This matter came before the Court on plaintiff Stephen Yang ("Plaintiff")'s motion for entry of a default judgment against defendant PSFK LLC ("Defendant") under Rule 55(b)(2) of the Federal Rules of Civil Procedure.

    After having considered the arguments and authorities submitted by the Plaintiff, the Court finds as follows:

1. Plaintiff's complaint and an original summons were served on Defendant on April 17, 2019. An affidavit of service was filed with the Court on April 22, 2019.

2. On September 9, 2019, the Clerk of the Court for the United States District Court, Southern District of New York entered a default against Defendant for failure to plead or otherwise defend this action.

3. Defendant is not a minor, nor an incompetent person, nor a member of the military service of the United States.

4. On October 11, 2019, Plaintiff filed his application for entry of default judgment, seeking $30,000 in statutory damages for copyright infringement, $10,000 in statutory damages for removal and/or alteration of copyright management information, $2975.00 in attorneys' fees, and $440.00 in costs plus interest.

5. Defendant was specifically advised of the consequences of failing to respond to the application for entry of a default judgment in the papers served on October 11, 2019, but nonetheless did not file papers in opposition and has not otherwise contested the entry of judgment against it.

6. In his moving papers, Plaintiff disclaimed the need for any inquest, since he was requesting statutory damages, and represented that he did not intend to put on evidence of actual damages. Therefore, no hearing was held.

**IT IS THEREFORE ADJUDGED AND ORDERED** that Plaintiff's Motion for Entry of Default Judgment is GRANTED pursuant to Fed.R.Civ.P. 55(b)(2); and it is

**FURTHER ORDERED** that the Court declares that Defendant violated Plaintiff's exclusive rights under 17 U.S.C. § 106 of the Copyright Act by engaging in unauthorized copying of Plaintiff's registered work and violated 17 U.S.C. § 1202(b) by removal and/or alteration of Plaintiff's copyright management information; and it is

**FURTHER ORDERED** that Defendant shall pay $750.00 in statutory damages under 17 U.S.C. § 504(c), which is the statutory minimum amount of damages. The Court is authorized in its discretion to award statutory damages in such amount as is "just" within the range of as little as $750 to as much as $30,000. Plaintiff has asked for the statutory maximum and has indicated that other courts have, in other cases about which I know nothing, awarded the statutory maximum. However, aside from deterrence, Plaintiff suggested no other reason why it would be just to award more than the statutory minimum amount, and this court discerns from the record no reason why it would be just to award more than the statutory minimum amount, which I expressly find sufficient to achieve any goal of deterrence. While it is true that a plaintiff does not have to prove actual damages in order to receive an award of statutory damages, Plaintiff's election to put on no evidence does not give the court any basis to conclude than any amount in excess of the statutory minimum would be "just," and the court expressly finds that it would not be just to award Plaintiff the sum it seeks or anything close to that amount. Therefore, Plaintiff shall receive the statutory minimum and no more in statutory damages; and it is

**FURTHER ORDERED** that Defendant shall pay $2,500 in statutory damages under 17 U.S.C. § 1202(c)(3)(B). Again, this is the minimum possible award of amount of statutory damages for this violation, and for the reasons stated above the court has no basis to conclude that it would be appropriate to award Plaintiff any more than the statutory minimum amount simply because that is what the Plaintiff asks, without any support other than "other courts have granted such a request;" and it is

**FURTHER ORDERED** that Defendant shall pay $2975.00 in attorneys' fees and $440.00 in costs pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203(b)(5); and it is

**FURTHER ORDERED,** that Defendant shall post-judgment interest under 28 U.S.C.A. § 1961; and it is

**FURTHER ORDERED** that this case be and hereby is dismissed with prejudice, and the Clerk of the Court shall remove it from the docket of the Court.

This is a final order within the meaning of Fed. R. Appl Pl. 4(a).

Dated: New York, New York
      November 21, 2019

Colleen McMahon, Chief Judge

BY ECF TO ALL PARTIES